William Wallace Mein v. Commissioner.
Mein v. Commissioner
Docket No. 6971.
United States Tax Court
1946 Tax Ct. Memo LEXIS 103; 5 T.C.M. (CCH) 713; T.C.M. (RIA) 46200; August 14, 1946
*103 Edward Hale Julien, Esq., 220 Bush St., San Francisco 4, Calif., for the petitioner. A. James Hurley, Esq., for the respondent. MURDOCK Memorandum Opinion MURDOCK, Judge: The Commissioner determined a deficiency of $5,661.85 in gift tax for 1939. The facts have been stipulated. The petitioner had created nine trusts for the benefit of his four children. He transferred to each trust 80 shares of Rayonier Incorporated common stock and 450 shares of Pilgrim Exploration Company common stock. The Commissioner has held that these transfers constituted taxable gifts made in 1939, because they were not completed until on or about February 7, 1939. His only point is that there was no delivery of the shares in 1938 and the gifts remained incomplete until 1939 when delivery was completed, i.e., when certificates were registered and issued in the names of the trustees. The petitioner contends that the gifts were completed in 1938. That is the first issue for decision in the case. [The Facts] The petitioner is an individual. The gift tax return reporting these transfers was filed with the collector of internal revenue for the first district of California. The petitioner *104 created a trust on December 31, 1936 for the benefit of his four children. A trust company of San Francisco was named trustee and has continued to be the sole trustee of that trust. The petitioner created four trusts on November 26, 1937, one for each child. A bank in San Francisco was named trustee of each of those trusts and has continued to be the sole trustee of each. The trusts provided that the petitioner could transfer to those trusts from time to time additional property acceptable to the trustees. The stipulation discloses that the petitioner, on December 29, 1938, wrote letters to Rayonier Incorporated in San Francisco and to the transfer agent for Pilgrim Exploration Co. in New Jersey enclosing a number of certificates endorsed in blank and directing that 80 shares of the one stock and 450 shares of the other be registered in the name of each trustee of the five trusts above mentioned and that new certificates be issued. The letters were duly posted on December 29, 1938. The one letter was not received by the addressee until 1939. The stipulation does not show when the other was received. The letter in evidence is confusing but the addressee apparently understood how the *105 new certificates were to be issued. The new certificates in the names of the trustees were received by the petitioner in 1939 and were sent by him to the trustees on February 7, 1939. The petitioner cites , reversing , and , affirmed per curiam, . Dulin advised his wife in the early part of December 1920 that he was transferring to her 510 shares of the stock of Anderson-Dulin-Varnell Company. Dulin handed a certificate for 510 shares of the stock to L. H. Petree whose duty it was to make all transfers of stock for the corporation. Dulin advised Petree that he was making a gift of the stock to his wife and instructed Petree to make proper entries on the records showing the transfer to his wife and to issue a new certificate to the wife. Petree neglected to make the transfer entries until January 4, 1921, at which time he noticed that Dulin had not endorsed the certificate. He had Dulin endorse the certificate at that time and made the necessary transfer. It is generally recognized that delivery may be to a third person for the *106 benefit of the donee. However, the Board reasoned that the subject of the gift had not been placed under the control and dominion of the donee, and out of the dominion and control of the donor in 1920. The Circuit Court of Appeals for the Sixth Circuit reversed. It concluded that the certificate was delivered by Dulin to Petree in the latter's capacity as transfer clerk of the corporation, and the delivery, coupled with instructions to transfer the stock to the wife, was a delivery to the corporation as trustee for her, a complete surrender of control or dominion by Dulin which effectuated the gift on the date of delivery. Acceptance by the donee was presumed. The holding of the Circuit Court in that case was cited with approval in Merner, the husband, living in St. Louis, sent a certificate for 300 shares to the transfer agent in New York by mail on December 30, 1920, with instructions to issue one certificate for 150 shares to his wife and another certificate for a like number to himself, both certificates to be dated December 30, 1920. The transfer agent did not actually issue the new certificates until January 3, 1921. It was held in that *107 case that the delivery was complete in 1920. The certificates in the present case were endorsed in blank and were duly mailed to the transfer agent in 1938 with instructions to make the necessary transfers. It is obvious from the record that the petitioner intended to make these gifts when he sent the certificates off for transfer. We hold, following the two cases just cited, that the gifts were complete in 1938, as contended by the petitioner. The petitioner created four more trusts on December 29, 1938, one for each of his four children, and named himself trustee. Each of thos trusts contained a provision as follows: NOW, THEREFORE, said Donor has assigned and transferred by gift to himself as Trustee, said property set forth in Schedule "A", and that said property together with any other property which under the terms of this Trust Indenture may be added to and become a part of the corpus of this trust, shall be held and continued to be held by him in trust under the following conditions and for the following uses and purposes: [Here follow the other provisions of the trust.] 80 shares of Rayonier Incorporated and 450 shares of Pilgrim Exploration Co. common stock were *108 mentioned in Schedule "A". The petitioner owned such shares just prior to the creation of those four trusts. The deeds of trust were signed by the petitioner, both as grantor and as trustee and were acknowledged by him in both capacities, on December 29, 1938, before a notary public of California. He signed Schedule "A" on December 30, 1938. What has been said in regard to the other transfers is equally applicable here. But there is a further reason for holding that these latter gifts were completed in 1938. The parties have stipulated that completed gifts were made to these trusts in 1938 and there is no room for the Commissioner's argument that the gifts were incomplete, lacking delivery, in 1938 and until certificates were actually issued in the name of the trustee in 1939. The petitioner did not need to have certificates issued in his name as trustee to complete those gifts. He could have held the shares in his own name or endorsed in blank. The deed is a part of the stipulation and it recites that the petitioner "has" transferred and assigned "by gift" to himself as trustee the shares in question. The deed was executed and acknowledged in 1938. Nothing more was necessary to *109 complete the gifts. The subsequent acts of the petitioner in writing the letters to have the shares registered in his name as trustee and to have certificates issued in his name as trustee were an indication of his intention and good faith but they were not essential to completed gifts. We must hold upon this record that these four gifts were complete in 1938 and the Commissioner has erred in taxing them as 1939 gifts. This holding renders consideration of an alternative contention of the petitioner in regard to these four trusts unnecessary. Decision will be entered under Rule 50.